UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXINE CARTHAN-RAGLAND and WARREN G. RAGLAND, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| STANDARD BANK AND TRUST, GMAC MORTGAGE, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) ) |

11 C 5864

Judge Feinerman

### MEMORANDUM OPINION AND ORDER

Plaintiffs Maxine Carthan-Ragland and Warren G. Ragland executed a note and mortgage on their home in August 2008 to secure a loan from Defendant Standard Bank & Trust. Standard assigned its interest in the mortgage to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and endorsed the note to Defendant GMAC Mortgage, LLC ("GMAC"). MERS assigned the mortgage to GMAC after Plaintiffs defaulted in September 2010, and GMAC commenced a foreclosure action against Plaintiffs in February 2011 in the Circuit Court of Cook County, Illinois. Plaintiffs then filed this suit, alleging among other things that GMAC and MERS "filed an illegal lien in the way of an 'Assignment of Mortgage' against Plaintiffs['] property" and made false representations as to their identity. Doc. 1 at ¶¶ 139, 152. The complaint seeks damages for Defendants' alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the common law of fraud. Defendants have moved to dismiss. Their motions are granted, and the complaint is dismissed without prejudice to allow Plaintiffs a second and final opportunity to plead viable claims.

Defendants GMAC and MERS argue that this court lacks jurisdiction under the Anti-Injunction Act, which states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. The argument is meritless. The Anti-Injunction Act is not a jurisdictional statute; it simply provides that courts may not provide a certain form of relief regarding pending state proceedings. *See Jones v. Brennan*, 465 F.3d 304, 305-06 (7th Cir. 2006). In any event, the Act does not apply to damages actions. *See* 22 U.S.C. § 2283 ("[a] court of the United States may not grant *an injunction* to stay proceedings in a State court") (emphasis added); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). Plaintiffs seek damages, Doc. 1-1 at 29, so the Anti-Injunction Act does not bar this suit.

Defendants also argue that Plaintiffs' claims fail as a matter of law, warranting dismissal under Federal Rule of Civil Procedure 12(b)(6). They contend, among other things, that: (1) it was not fraudulent for Standard to assign Plaintiffs' mortgage and promissory note to another entity, Doc. 29 at 9; (2) there is no conspiracy to commit fraud because there is no fraud and no agreement among Defendants, *id*. at 10; (3) the RICO conspiracy claim fails because Plaintiffs "do not state how GMAC, MERS, or anyone else was involved in any agreement to participate in the affairs of any enterprise committing the acts," and also because "the filing and prosecuting of a complaint does not constitute mail or wire fraud, nor a predicate act under RICO," Doc. 31 at 7-8; (5) the § 1962(c) claim fails because "the mere use of MERS in mortgage transactions … is neither unlawful nor improper," *id*. at 9-10; (6) the § 1962(d) claim fails because a § 1962(c) fails, *ibid*.; and (7) the state law fraud and conspiracy claims fail because the complaint does not

allege that Defendants made any specific misrepresentations or that Plaintiffs relied on any such misrepresentations.

Plaintiffs filed a response to the motions to dismiss, but the response does not actually provide a substantive response to Defendants' arguments for dismissal. Doc. 34. If a court is given plausible reasons for granting a motion to dismiss, the court will "not … do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). A plaintiff's failure to substantively respond to a motion to dismiss therefore provides sufficient grounds for granting the motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

Defendants provide several plausible grounds for dismissal. For example, a lender's use of MERS does not by itself constitute fraud. *See Cervantes v. Countywide Home Loans, Inc.*, 656 F.3d 1034, 1042-43 (9th Cir. 2011). Moreover, the complaint is full of conclusory allegations regarding conspiracy that do not specify the particular actions taken by the particular defendants. Doc. 1 at ¶¶ 73, 103, 200. The complaint also does not identify the particular fraudulent misrepresentation that Defendants allegedly made. *See Greenberger v. GEICO Gen.*

*Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011). And filing and prosecuting a complaint is not considered mail or wire fraud or a predicate act under RICO. *See United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002); *Harris Custom Builders, Inc. v. Hoffmeyer*, 1994 WL 329962, at *4 (N.D. Ill. July 7, 1994).

Defendants' motions to dismiss accordingly are granted. Because the court cannot foreclose the possibility that Plaintiffs could state valid claims against some of all of the defendants, the dismissal is without prejudice. Plaintiffs have until June 1, 2012, to file an amended complaint. If an amended complaint is not filed, the case will be dismissed with prejudice. If an amended complaint is filed, Defendants shall answer or otherwise plead within twenty-one days of its filing.

May 11, 2012

United States District Judge