UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXINE CARTHAN-RAGLAND and WARREN G. RAGLAND, | ) ) |
| | ) 11 C 5864 |
| Plaintiffs, | ) |
| | ) Judge Feinerman |
| vs. | ) |
| | ) |
| STANDARD BANK AND TRUST CO., GMAC MORTGAGE, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Maxine Carthan-Ragland and Warren G. Ragland commenced this lawsuit by filing a *pro se* complaint against Standard Bank & Trust Co., GMAC Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. ("MERS"), seeking damages for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., and the common law of fraud. Doc. 1. The court dismissed the complaint without prejudice under Federal Rule of Civil Procedure 12(b)(6), and gave Plaintiffs a chance to replead. 2012 WL 1658244 (N.D. Ill. May 11, 2012). Plaintiffs retained counsel and filed an amended complaint, which drops the RICO and fraud claims and instead seeks relief under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Doc. 42. The claims against GMAC have been stayed due to its bankruptcy filing. Docs. 46, 48. MERS and Standard have moved to dismiss the amended complaint's claims against them. Docs. 49, 52. The motions are granted, and the claims against MERS and Standard are dismissed with prejudice.

**Background**

The amended complaint's well-pleaded factual allegations, though not its legal conclusions, are assumed to be true on a Rule 12(b)(6) motion. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). In evaluating a motion to dismiss, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The court also must consider additional facts set forth in the plaintiff's opposition brief or supported by attachments to the brief, so long as those facts "are consistent with the pleadings." *Ibid*. To the extent an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). The following sets forth the facts as favorably to Plaintiffs as permitted by the amended complaint and other materials that may be considered on a Rule 12(b)(6) motion.

On August 25, 2008, Plaintiffs executed a note and mortgage on their home to secure a $151,235 refinancing loan from Standard. Doc. 42 at ¶¶ 5, 11-12. After the closing, GMAC was assigned some of Standard's interest in the loan, and MERS was assigned the mortgage lien. *Id*. at ¶¶ 7, 9. On August 24, 2011, almost three years to the day after they executed the note and mortgage, Plaintiffs filed this suit against Standard, MERS, and GMAC. Doc. 1. The original complaint purported to state only RICO and common law fraud claims; as Plaintiffs admit, that complaint did not "expressly assert[]" a claim for rescission under TILA. Doc. 56 at 1. The court dismissed the original complaint without prejudice and allowed Plaintiffs to file an amended complaint, which they did on May 31, 2012. Doc. 42.

Unlike the original complaint, the amended complaint does *not* attempt to plead RICO or common law fraud claims and *does* attempt to plead TILA claims. The amended complaint alleges that Standard violated TILA in two ways: by not giving each Plaintiff two copies of the Notice of Right to Cancel, and by providing a Truth in Lending Disclosure Statement that misrepresented the finance charge of the loan. *Id*. at ¶¶ 16-20. These violations, Plaintiffs maintain, give rise to: (1) an extended right to rescind the note and mortgage under 15 U.S.C. § 1635(f); and (2) a claim for statutory damages under 15 U.S.C. § 1640(a). *Id*. at p. 5.

### Discussion

"TILA was intended to ensure that consumers are given 'meaningful disclosure of credit terms' and to protect consumers from unfair credit practices." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011) (quoting 15 U.S.C. § 1601(a)). Among other things, TILA "requires the creditor to provide the consumer with 'clear[] and conspicuous[]' notice of his right to rescind … within three business days following the transaction." *Id*. at 964 (citing 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b)(1)) (alterations in original). "Regulation Z, issued by the Federal Reserve Board to implement TILA, elaborates on this rule by requiring the lender to give the consumer *two* copies of the notice of his three-day right to cancel at closing." *Id*. at 964-65 (citing 12 C.F.R.§ 226.23(b)(1)). TILA also requires the creditor to provide a Disclosure Statement accurately disclosing, among other things, "the finance charge, not itemized, using that term." 15 U.S.C. § 1638(a)(3); *see also Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 530-31 (7th Cir. 2007); 12 C.F.R. § 226.18(d). In the case of mortgage loans, the "disclosed finance charge and other disclosures affected by the disclosed finance charge … shall be treated as accurate if the amount disclosed as the finance charge: (i) is understated by no more than $100; or (ii) is greater than the amount required to be disclosed." 12 C.F.R. § 226.18(d).

If the creditor fails to comply with these notice and disclosure requirements, the
borrower's statutory rescission period is extended from three business days to three years. *See*
15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3); *Marr*, 662 F.3d at 965; *Bonte v. U.S. Bank, N.A.*,
624 F.3d 461, 463 (7th Cir. 2010). Noncompliance with these requirements also gives rise to a
claim for damages. *See* 15 U.S.C. § 1640(a). Rescission and damage claims may be brought in
the same action. *See id.* § 1635(g).

As noted above, Plaintiffs seek both rescission and damages under TILA. While
acknowledging that TILA governs this case, Standard and MERS argue on several grounds that
Plaintiffs' claims fail as a matter of law. It is necessary to address only the arguments
concerning the timing of Plaintiffs' demand for rescission and the timing of this lawsuit.

A.      **Rescission Claim**

The alleged TILA violations took place on August 25, 2008. The regulation governing
rescission provides:

> To exercise the right to rescind, the consumer shall notify the creditor of the
> rescission by mail, telegram or other means of written communication.
> Notice is considered given when mailed, when filed for telegraphic
> transmission or, if sent by other means, when delivered to the creditor's
> designated place of business.

12 C.F.R. § 226.23(a)(2). To exercise their rescission right, then, Plaintiffs had to notify their
creditors "by mail, telegram or other means of written communication" within three years of the
alleged violations, or by August 25, 2011. *See Dye v. Ameriquest Mortg. Co.*, 289 F. App'x 941,
944 (7th Cir. 2008) ("§ 1635(f) completely extinguishes the right of rescission at the end of the
3-year period") (internal quotation marks omitted).

Plaintiffs contend that they effectuated the required notice by filing their original complaint on August 24, 2011. Doc. 56 at 2-4. If Plaintiffs are right, then their rescission notice was timely. Plaintiffs are wrong for two separate reasons.

First, the original complaint did not say that Plaintiffs wished to rescind the loan. All the original complaint sought as relief for the alleged RICO and fraud violations was actual and compensatory damages, statutory damages, punitive damages, treble damages, restitution, attorney fees, costs, the clearing and quieting title to their property, and an injunction against filing foreclosure complaints. Doc. 1-1 at pp. 29-30. Because it did not seek rescission, the original complaint cannot have provided the notice required by TILA. *See Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 326 (4th Cir. 1998) (holding that the plaintiff's complaint did not provide "sufficient written notice" where, "[i]nstead of seeking rescission, [the plaintiff] prayed that the lien held by the current mortgager be rendered unenforceable, that attorney's fees and court costs be paid and that compensatory and punitive damages be awarded"); *ibid*. ("when [the plaintiff] sought in his 1993 suit to hold the lien on his residence unenforceable, he sought something quite distinct from rescission," as the relief sought would not have "required [him] to pay back any of the loan proceeds"); *Harris v. OSI Fin. Servs., Inc.*, 595 F. Supp. 2d 885, 895 (N.D. Ill. 2009) ("the filing and service of a complaint is sufficient to satisfy TILA's notice requirements for electing a rescission, provided that the complaint clearly states the borrower's intent to rescind").

Plaintiffs concede that the original complaint did not seek rescission, Doc. 56 at 1-2, and they do not contend that the original complaint, standing alone, provided sufficient notice under TILA. Plaintiffs note, however, that the amended complaint does request rescission, and they argue that although the amended complaint was not filed until May 31, 2012, after the three-year

extended rescission period had expired, it relates back under Rule 15(c)(1)(B) to the original

complaint, which was filed within the three-year period. *Ibid*. ("Although the rescission claim

was not expressly asserted in the original complaint, the amended complaint is permitted to

relate back to the date of the filing of the complaint, pursuant to Federal Rule of Civil Procedure

15(c)(1)(B).").

      Plaintiffs' argument is wrong because the relation-back doctrine has no application in

determining whether rescission was timely demanded under TILA. Rule 15(c)(1)(B) allows for

a "*claim or defense* that arose out of the conduct, transaction, or occurrence set out … in the

original pleading" to relate back to—meaning to be deemed to have been filed on—the original

pleading date. The rule's purpose is to forgive some pleading mistakes that otherwise would

result in a claim being barred by a statute of limitations. *See Krupski v. Costa Crociere S.p.A.*,

130 S. Ct. 2485, 2495 (2010). The three-year extended rescission period under § 1635(f),

however, is more than a statute of limitations; instead, it is a component of the right of rescission

itself. As the Supreme Court explained:

> Section 1635(f) … takes us beyond any question whether it limits more
> than the time for bringing a suit, by governing the life of the underlying
> right as well. The subsection says nothing in terms of bringing an action
> but instead provides that the "right of rescission [under the Act] shall
> expire" at the end of the time period. It talks not of a suit's commencement
> but of a right's duration, which it addresses in terms so straightforward as to
> render any limitation on the time for seeking a remedy superfluous.

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998) (quoting 15 U.S.C. § 1635(f)) (some

alterations in original); *see also Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008)

(holding that § 1635(f) "is … a precondition to a substantive right to relief"); *Dye*, 289 F. App'x

at 944. Accordingly, regardless of when Plaintiffs filed their suit, their extended rescission right

was extinguished on August 25, 2011, because they had not given Standard or MERS notice of

their rescission demand by that date.  Nothing Plaintiffs did after that date, whether mailing a rescission notice to their creditors or electronically filing an amended complaint, could constitute timely notice of rescission.  *See Harris*, 595 F. Supp. 2d at 898 (holding that the plaintiffs could not rely on the relation-back doctrine to excuse their failure to give the defendants written notice of rescission within the three-year period).

Second, even if the rescission notice in Plaintiffs' amended complaint were deemed to relate back to the original complaint, the notice still would have been provided too late.  The governing regulation provides in relevant part that "[n]otice is considered given [1] when mailed, [2] when filed for telegraphic transmission or [3], if sent by other means, when delivered to the creditor's designated place of business."  12 C.F.R. § 226.23(a)(2).  The original complaint was not mailed or sent by telegraphic transmission to GMAC and MERS; rather, it was served by hand on August 31, 2011, and September 7, 2011, respectively, after the three-year rescission period had expired on August 25, 2011.  Docs. 15-16.  The original complaint was served by hand on Standard on September 13, 2011, also outside the rescission period.  Doc. 17.  Standard was served by mail as well, but the envelope was not mailed until September 15, 2011, again outside the rescission period.  *Ibid*.  Under the plain terms of the governing regulation—and even assuming that the original complaint, by operation of Rule 15(c)(1)(B), qualifies as a proper rescission notice—the notice was too late.  *See Gamiao v. Bank of Am.*, 2011 WL 839757, at *4-5 (D. Haw. Mar. 4, 2011) (holding that the plaintiff's complaint, while *filed* within the three-year rescission period, did not provide timely notice under TILA because it was not *served* on the defendant until after the rescission period had expired); *Marschner v. RJR Fin. Servs., Inc.*, 382 F. Supp. 2d 918, 922-23 (E.D. Mich. 2005) (same); *Williams v. G.M. Mortg. Corp.*, 2004 WL 3704081, at *4-6 (E.D. Mich. Aug. 18, 2004) (same).

-7-

The court acknowledges that *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96 (5th Cir. 1996), held that a TILA complaint filed within the three-year rescission period was timely even if it was not served until after the three-year period had expired. *Id*. at 99-100. The Fifth Circuit reasoned that its result "provides a common sense solution to a problem which might be otherwise unsolvable because of the many difficulties a plaintiff might have in completing service on a defendant without substantial delay." *Id*. at 100. As the district court in *Marschner* explained, *Taylor* is unpersuasive:

> The issue of notice under TILA is not one of completing service, but of merely notifying a lender, such as by mail, telegram, or some "other means of written communication." 12 C.F.R. § 226.23(a)(2). To effectuate notice, Plaintiff could have simply sent Defendant a letter within the time period or even sent a copy of his complaint. Service of summons and complaint was not necessary.
>
> By the plain language of the [regulation], a complaint can only serve as "other means of written communication," and the mere filing of a complaint without service on the defendant cannot reasonably be considered "deliver[y] to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2). While a holding that the filing of a complaint without service is sufficient notice of rescission would grant Plaintiff relief from Defendant's predatory loan, it would also be an erroneous interpretation of the regulation, and, as such, would "make bad law." Instead, the Court holds that Plaintiff effectuated notice of rescission when he served Defendant with his complaint on December 9, 2003. Thus, according to 12 C.F.R. § 226.23(a)(2), Plaintiff attempted to exercise his right to rescission on December 9, 2003, sixteen days after the expiration of that right.

*Marschner*, 382 F. Supp. 2d at 922 (citation omitted) (some alterations in original). For these reasons, this court respectfully disagrees with *Taylor*. The timing of a rescission notice turns on when the creditor receives the notice, and Standard and MERS indisputably did not receive the original complaint until after the rescission period had expired.

### B.     Damages Claim

A TILA damages claim must be brought within one year of the alleged TILA violation. *See* 15 U.S.C. § 1640(e).  Plaintiffs first brought a TILA damages claim in the amended complaint they filed on May 31, 2012, nearly four years after the alleged TILA violations on August 25, 2008, and nearly three years past the expiration of the one-year limitations period. The damages claim therefore is time-barred.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (holding that TILA's one-year limitations period "began to run when the plaintiffs executed their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time"); *Taggart v. Chase Bank USA, N.A.*, 353 F. App'x 731, 732 (3d Cir. 2009) (same).  The same result would obtain even assuming (incorrectly) that the TILA damages claim in the amended complaint relates back to the original complaint, which was filed on August 24, 2011; the damages claim still would have been filed nearly two years too late.

In an attempt to avoid this result, Plaintiffs contend that when a single TILA lawsuit seeks both damages and rescission, the three-year period for demanding rescission also governs the bringing of a damages claim.  Doc. 56 at 5-6.  If Plaintiffs are correct, and assuming that their TILA damages claim relates back to the original complaint, then the claim was timely.  To support their view that the limitations period for their TILA damages claim is three years, Plaintiffs cite § 1635(g), which provides: "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind."  15 U.S.C. § 1635(g).  Plaintiffs observe that *McIntosh v. Irwin Union Bank & Trust Co.*, 215 F.R.D. 26 (D. Mass. 2003), interpreted § 1635(g) to provide not only that a consumer may seek rescission and

damages in a single suit, but also that the damages claim in such a suit is governed by a three-year statute of limitations. *Id*. at 30.

The court respectfully disagrees with *McIntosh*'s interpretation of § 1635(g). Nothing in the text of § 1635(g) speaks to the statute of limitations or indicates any intent to modify the one-year limitations period for damage claims set forth in § 1640(e); all § 1635(g) says is that TILA plaintiffs seeking rescission also may seek damages. *See Andrews v. Chevy Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008) ("Section 1635(g) is a simple remedial cross-reference; it provides that rescission plaintiffs may also seek damages under § 1640. It does no more."). It therefore is not surprising that most courts considering the issue have rejected the proposition that a damages claim in a suit seeking both rescission and damages is subject to a three-year limitations period. *See, e.g.*, *Iroanyah v. Bank of Am., N.A.*, 851 F. Supp. 2d 1115, 1121-22 (N.D. Ill. 2012); *Cocroft v. HSBC Bank USA, NA*, 2011 WL 1630142, at *2 (N.D. Ill. Apr. 27, 2011); *Vietor v. Commonwealth Land Title*, 2010 WL 545856, at *3 (N.D. Cal. Feb. 11, 2010); *Douglas v. Wilmington Fin., Inc.*, 2009 WL 3852458, at *2 (N.D. Ill. Nov. 18, 2009); *Cazares v. Household Fin. Corp.*, 2005 WL 6418178, at *9 (C.D. Cal. July 26, 2005); *Brown v. Nationscredit Fin. Servs. Corp.*, 349 F. Supp. 2d 1134, 1136-37 (N.D. Ill. 2005); *Bell v. Ameriquest Mortg. Co.*, 2004 WL 2973819, at *1 (N.D. Ill. Nov. 30, 2004); *Jenkins v. Mercantile Mortg. Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002) ("TILA violations that are subject to the one year statute cannot be overcome merely by linking them to a rescission claim."). This court concurs. It follows that Plaintiffs' TILA damages claim must be dismissed for failure to satisfy the statute of limitations.

**Conclusion**

MERS's and Standard's motions to dismiss are granted, and Plaintiffs' claims against MERS and Standard are dismissed. The dismissal is with prejudice for two separate reasons. The first is that Plaintiffs' opposition brief does not request a chance to replead. *See James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in dismissing its complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request leave to amend). The second is that the defects in Plaintiffs' TILA claims against MERS and Standard, which turn on the timing of Plaintiffs' request for rescission and the timing of this lawsuit, cannot be cured by repleading. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189-90 (10th Cir. 2012); *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 353 (2d Cir. 1993).

September 14, 2012

_____
United States District Judge